Filed 9/23/20  P. v. Gonzalez CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B305427 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. Nos. GA101404, GA104876) |
| v. | |
| MAURICIO DEJESUS GONZALEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Dorothy L. Shubin, Judge.  Affirmed.

California Appellate Project, Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On August 3, 2017, in case number GA101404, defendant Mauricio DeJesus Gonzalez pleaded no contest to driving under the influence of alcohol within 10 years of a felony DUI (Veh. Code, §§ 23152, subd. (a), 23550.5, subd. (a).) Defendant admitted he had two prior convictions within the meaning of Penal Code section 667.5, subdivision (b).[1] The trial court struck, in the interest of justice, an allegation that defendant had sustained a prior conviction for a serious and/or violent felony within the meaning of sections 667, subdivision (d) and 1170.12, subdivision (b). The court suspended execution of sentence and placed defendant on formal probation for a period of three years, under certain terms and conditions, including that he obey all laws and orders of the court.

On July 25, 2019, in case number GA104876, defendant pleaded no contest to assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4).) The court sentenced defendant to two years in state prison and struck two alleged prior strike convictions pursuant to section 1385, subdivision (a).

On that same date, defendant also admitted, in case number GA101404, to having violated the terms of his probation. The court revoked and terminated probation and sentenced defendant in that case to the upper term of three years, plus two additional one-year terms for defendant's prior convictions pursuant to section 667.5, subdivision (b). The court ordered that the two sentences run concurrently with one another. There is no indication in the record that defendant filed a notice of appeal from either judgment of conviction. (*See People v. McKenzie* (2018) 25 Cal.App.5th 1207, 1214 [if defendant does not file appeal, judgment becomes final within 60 days, pursuant to

---

[1]     All further statutory references are to the Penal Code.

California Rules of Court, rule 8.308, subdivision (a).])

On January 2, 2020, defendant submitted petitions in both cases "to remove the [one-]year prior prison term enhancements previously imposed pursuant to [section] 667.5 [subdivision, (b)(1)], in accordance [with] Assembly Bill [No.] 136, which was signed into law, effective January 1, 2020."

On January 17, 2020, the trial court issued a minute order denying the petitions, finding that defendant's "judgment of conviction was final prior to January 1, 2020, when the amendments in Assembly Bill [No.] 136 went into effect and, therefore, the bill does not apply to defendant retroactively. [*People v. Garcia*] (2018) 28 Cal.App.5th 961, 971–973."

Defendant timely filed notices of appeal.

We appointed counsel to represent defendant on appeal. Defendant's appointed appellate counsel filed an opening brief citing *People v. Wende* (1979) 25 Cal.3d 436 and requesting that we independently review the entire record to determine if there are any arguable issues. On June 30, 2020, we notified defendant that appointed appellate counsel had failed to find any arguable issues and that he had 30 days within which to independently brief any grounds for appeal, contentions, or arguments he wanted us to consider. Defendant did not submit a supplemental brief. We express no opinion on whether an independent review of the record is necessary under the circumstances of this case. We have, however, conducted such a review and are satisfied that defendant's appointed appellate counsel has fully complied with his responsibilities and no arguable issues exist.

3

## DISPOSITION

The order denying defendant's motion to remove the sentencing enhancement is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.

We concur:


RUBIN, P. J.


BAKER, J.